FILED
2017 JUL 10 PM 4:21

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO. _____

SHERMON DORN,

    Plaintiffs,

6:17-cv-1262-ORL-40TBS

vs.

LOWMAN'S ENTERPRISES GROUP, INC.,
JIMMIE LOWMAN, and ESPERANZA LOWMAN

    Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SHERMON DORN (Plaintiff), by and through the undersigned counsel, and sues LOWMAN'S ENTERPRISES GROUP, INC., JIMMIE LOWMAN, and ESPERANZA LOWMAN (collectively referred to as Defendants) under the Fair Labor Standards Act, and Florida statutory and common law, and alleges:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Fair Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and/or do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff is a resident of the State of Florida and was an employee of the Defendants in this District and division during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff worked for the Defendants performing manual labor in and around Apopka, Florida.

6. At all times material herein, Plaintiff was an "employee" of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, LOWMAN'S ENTERPRISES GROUP, INC. (LEG), is a Florida for-profit corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, providing landscaping/ lawn and garden services.

8. LEG's principal place of business is located at 1435 Glenmore Drive, Apopka, Florida 32712.

9. Defendant, JIMMIE LOWMAN, is the President and owner of LEG. JIMMIE LOWMAN is located at 1435 Glenmore Drive, Apopka, Florida 32712.

10. Defendant, ESPERANZA LOWMAN, is the Vice President and owner of LEG. ESPERANZA LOWMAN is located at 1435 Glenmore Drive, Apopka, Florida 32712.

11. Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

12. Defendant LEG is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

13. Defendant JIMMIE LOWMAN is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

14. Defendant ESPERANZA LOWMAN is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

15. Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

16. The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing equipment, materials, parts, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums

to potential clients outside the State of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

17. Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

18. Defendant LEG has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

19. Defendant JIMMIE LOWMAN has annual revenue of at least five hundred thousand dollars ($500,000.00) and is subject to the FLSA.

20. Defendant ESPERANZA LOWMAN has annual revenue of at least five hundred thousand dollars ($500,000) and is subject to the FLSA.

21. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

22. Defendants control the day to day operations of LEG and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services performed, setting pricing for products and services, and other business operations.

23. Defendants supervise the operations of LEG including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

24. Defendants hired Plaintiff in or about August 2016. The Plaintiffs worked for the Defendants through September 13th, 2016.

25. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, determining if commission(s) were to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

26. Plaintiff was covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for the Defendants.

27. While employed with the Defendants, Plaintiff's work duties included, but were not limited to, manual labor on one of Defendants' landscaping crews.

28. The Plaintiff was a "non-exempt" employee of the Defendants.

29. The Plaintiff was an hourly employee.

30. The Plaintiff worked the number of hours required by the Defendants, but was not paid for each and every hour worked during a work week.

31. Defendants regularly required Plaintiff to work eleven (11) to twelve (12) hours per day, but paid Plaintiff only a flat rate of $75 per day.

32. The Defendants suffered and permitted the Plaintiff to work for them but did not pay them for all work that they performed for the Defendants.

33. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for all those hours worked over forty (40) in a work week.

34. The Defendants are involved in, and responsible for, paying Plaintiff.

35. The records concerning the hours worked by Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, Plaintiff is unable to determine and state the exact amount of damages due.

36. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

37. The Plaintiff has retained the undersigned attorneys and Defendants are obligated to pay them a reasonable fee for their services pursuant to the FLSA, and Florida law.

## COUNT I – FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA

38. Plaintiffs re-allege and incorporates the above paragraphs as if fully set forth herein.

39. The Defendants hired Plaintiff on or about August 27th, 2016.

40. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties required of him including, but not limited to, manual labor on a landscaping crew.

41. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

42. The Plaintiff regularly worked for the Defendants but was not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA during at least one work week.

43. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

44. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

45. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiffs as alleged herein was in violation of the FLSA.

46. The Defendants' practice of failing to pay Plaintiff the appropriate minimum wage due him violated the provisions of the FLSA, *see* 29 U.S.C. §206. As a result of the Defendants' unlawful practice, the Plaintiff has suffered unpaid wages.

47. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

48. Because of Defendants' actions, the Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

49. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A.    Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

    B.    Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    C.    Award Plaintiff an equal amount in liquidated damages;

    D.    Award Plaintiff reasonable attorney's fees and costs of suit; and

    E.    Grant such other and further relief as this Court deems equitable and just.

    F.    Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO PAY OVERTIME UNDER THE FLSA

50. Plaintiff re-allege and incorporate Paragraphs one (1) through thirty-seven (37) above as if fully set forth herein.

51. The Defendants hired Plaintiff on or about August 27th, 2016.

52. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties required of him, including, but not limited to, manual labor on a landscaping crew.

53. On average, the Plaintiff worked between fifty-five (55) and sixty (60) hours in a work week for the Defendants.

54. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

55. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

56. As such, the Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times the regular hourly rate for each hour worked in excess of forty (40) in a work-week.

57. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

58. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times the regular rate of pay for all hours worked in excess of forty (40) hours for each week employed by the Defendants and for which they were not paid one and one half times (1 ½) the regular rate.

59. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

60. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

61. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

62. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

63. Because of Defendants' actions, the Plaintiff had to retain counsel, and is entitled to recover attorneys' fees and costs connected with this suit.

64. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiffs;

    B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

    C. Award Plaintiff an equal amount in liquidated damages;

    D.    Award Plaintiff reasonable attorney's fees and costs of suit; and

    E.    Grant such other and further relief as this Court deems equitable and just.

    F.    Plaintiff demand a trial by jury.

## COUNT III – VIOLATION OF FLORIDA'S LABOR LAW

65. Plaintiffs re-allege and incorporate by reference Paragraphs one (1) through thirty-seven (37) as if fully set forth herein.

66. The Defendants hired Plaintiff on or about August 27th, 2016.

67. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties required of him, including, but not limited to, manual labor on a landscaping crew.

68. During the time of Plaintiff's employment by Defendants, he regularly worked in excess of ten (10) hours per day performing manual labor in the scope of his employment, and Defendants failed to pay Plaintiff at one and one half times (1 ½) the regular rate for each and every hour in excess of ten (10) daily of manual labor performed by Plaintiff.

69. Under Florida law, an employee is "entitled to extra pay for all work performed by the requirement of his or her employer in excess of ten (10) hours' labor daily[,]" unless a written contract has been made requiring less or more hours of labor. FLA. STAT. § 448.01 (2016).

70. Such a written contract does not exist between Plaintiff and Defendants.

71. As a result, Defendants are in violation of Florida law.

72. At all times material, Defendants knew or should have known that they caused Plaintiff to work in excess of ten (10) hours daily of manual labor, and that they failed to pay Plaintiff at one and one half (1 ½) the regular rate for each and every hour in excess of ten (10) daily hours.

73. Defendants showed reckless disregard for the fact that their failure to pay Plaintiff at the lawful rate was a violation of Florida law.

74. Defendants' actions as described herein were willful.

75. Because of Defendant's willful conduct, Plaintiff had to retain counsel, and is entitled to recover attorney's fees and costs of the action pursuant to FLA. STAT. § 448.08 (2016).

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the wage provisions under Fla. Stat. § 448.01 (2016);

    B. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

    C. Award Plaintiff an equal amount in liquidated damages;

    D. Award Plaintiff reasonable attorney's fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just.

    F. Plaintiff demands a trial by jury.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 3rd of July, 2017.

                Respectfully submitted,

                /s/ Jeremiah J. Talbott
                JEREMIAH J. TALBOTT, ESQ.
                FL Bar No. 015484
                TRAVIS P. LEPICIER, ESQ.
                FL Bar No. 0099843
                Law Office of Jeremiah J. Talbott, P.A.
                900 E. Moreno Street
                Pensacola, Fla. 32503
                (850) 437-9600 / (850) 437-0906 (fax)
                jjtalbott@talbottlawfirm.com
                civilfilings@talbottlawfirm.com
                *Attorneys for Plaintiff*