UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERMON DORN,

      Plaintiff,

v.                                                               Case No:   6:17-cv-1262-Orl-40TBS

LOWMAN'S ENTERPRISES GROUP,
INC., JIMMIE LOWMAN and
ESPERANZA LOWMAN,

      Defendants.
_____

## REPORT AND RECOMMENDATION

      Pending before the Court in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201 *et seq.* case is the parties' Amended Joint Motion for Approval of Settlement

Agreement (Doc. 28).

## I. Background

      From an unknown start date in August 2016 through an unknown end date in

September 2016, Defendant Lowman's Enterprises Group, Inc., employed Plaintiff

Shermon Dorn as a lawn crew member (Doc. 21, ¶¶ 1, 4, 7). Plaintiff alleges that

Defendants Jimmie Lowman and Esperanza Lowman were also his employers (Doc. 1,

¶¶ 13-14). Plaintiff's duties included mowing, edging, trimming shrubbery and pulling

weeds for which he was paid $75 per day (Id., ¶¶ 4-5). Plaintiff alleges that he worked 66

to 72 hours per week and is owed unpaid wages and overtime (Id., ¶ 7). His complaint

includes counts for violation of the FLSA and FLA. STAT. § 448.01 (Doc. 1). Defendants

deny liability and affirmatively allege that they are exempt from or otherwise not subject to

the FLSA (Doc. 14 at 8).

The parties filed a joint motion for approval of settlement agreement on January 29, 2018 (Doc. 26), which was referred to me for a report and recommendation. On February 1, 2018, I issued a report and recommendation to deny the motion for several reasons (Doc. 27). My concerns were that: the confidentiality provision in the parties' agreement contravened the policies underlying the FLSA, the general release was too broad and named unnamed parties who have no apparent connection to this case, it restrained Plaintiff from making future claims against Defendant that are unrelated to his complaint, and it incorrectly assumed that this Court would retain jurisdiction to enforce the agreement (Doc. 27). I recommended that the Court give the parties fourteen days to submit an amended agreement for the Court's consideration (Doc. 27 at 8). On February 19, 2018, the parties filed their out-of-time motion for approval of their revised settlement agreement (Doc. 28). The district judge entered an Endorsed Order denying the original motion, finding my report and recommendation moot, and accepting the amended motion (Doc. 29). The parties' amended settlement agreement is an improvement, but still fails to cure all of the defects outlined in my previous report and recommendation. Consequently, I respectfully recommend that the motion be **denied**.

## II. Standard of Review

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees

affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

In the Eleventh Circuit "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In these cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Discussion

I see no badges of fraud in the making of the parties' amended settlement agreement. Defendants have agreed to pay Plaintiff $375 in wages and an additional $375 as liquidated damages (Doc. 28-1, ¶ 1). Under the circumstances presented, this appears to be fair and reasonable. Defendants have also agreed to pay $1,500 to Plaintiff's attorney (Id.). The parties agree that this payment was negotiated separately from the payments to be made to Plaintiff, and that $1,500 represents a significant compromise of counsel's fees and costs (Doc. 28, n. 2). The amount of fees to be paid is, in my view, fair and reasonable. The Court may approve this payment without taking

evidence based upon the reasoning in <u>Bonetti v. Embarq Mgmt Co.</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Although the settlement sums pass muster, the definitions of "Defendants" and "Released Parties" in the agreement are still too broad. These terms include, in addition to Defendants Jimmie Lowman and Esperanza Lowman, Lowman's Enterprises Group, Inc., together with:

> [E]ach of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives.

(Doc. 28-1 at 1). In their Certificate of Interested Parties, Defendants list only themselves, Plaintiff, and the attorneys of record (Doc. 17). No explanation is provided why all of these additional entities and persons belong in the settlement agreement which, incidentally, none of them have signed. It also does not appear that any of them paid any consideration to Plaintiff for a release or other benefits. The parties fail to explain, for example, why another employee who pulled weeds next to Plaintiff should receive a release. And, if Lowman's Enterprises Group, Inc. actually has parent companies, subsidiaries, divisions, related companies, predecessors, assigns, other current and former employees, agents, shareholders, officers, directors and representatives in addition to Defendants Jimmie Lowman and Esperanza Lowman, they should be named in the settlement agreement so that Plaintiff and the Court can make an informed decision. As it now stands, this appears to be nothing more than an attempt by Defendants to overreach in the release.

There are additional problems with the release language in the amended settlement agreement. In paragraph one of their agreement, the parties state that

Defendants are paying Plaintiff in exchange for a release of Plaintiff's:

> [W]age and hour claims and other promises below, and in full
> and complete settlement of any and all wage and hour claims
> (federal and State) or potential wage and hour claims between
> the parties, including but not limited to those arising from,
> involving or relating to Releasor's claims in the Complaint,
> including any and all claims for damages, liquidated damages,
> compensatory or punitive damages, injunctive relief, attorneys'
> fees, expenses and costs, or other relief.

(Doc. 28-1, ¶ 1). This release prompts a series of new questions: Unless Plaintiff worked

for Defendants at some time other than is stated in the complaint, why is this provision

included in the agreement? If Plaintiff did work for Defendants at some other time, why is

he settling potential claims related to that employment in this case? And, what additional

consideration is Plaintiff receiving to settle these other potential claims?

Then, in paragraph three of the amended settlement agreement Plaintiff:

> [A]grees not to bring any lawsuit or initiate any proceeding for
> any claim waived in any paragraph of this Agreement, and
> agrees, further, not to permit anyone else to do so on his
> behalf, to the maximum extent possible under applicable law.

(Id., ¶ 3). Because Plaintiff is releasing Defendants as part of this settlement I fail to

understand what additional protection this provision affords Defendants, or why it is in the

agreement.

Paragraph six of the amended settlement agreement is also problematic. Here,

Plaintiff agrees that:

> [W]ith respect solely and only to conduct that has arisen on, or
> prior to, the date this Agreement is executed, fully and forever
> releases, relieves, waives, relinquishes, and discharges
> Defendants from all actions, causes of action, suits, debts,
> dues, liabilities, obligations, costs, expenses, sums of money,
> controversies, accounts, reckonings, liens, bonds, bills,
> specialties, covenants, contracts, agreements, promises,
> damages, judgments, executions, claims and demands solely
> concerning wage and hour matters including, but not limited

> to, any and all wage and hour claims arising under the Fair
> Labor Standards Act or under *Fla. Stat. § 448*, and the Wage
> Theft Prevention Act, as well as claims for minimum wages,
> overtime, commissions, unpaid wages, whether based on
> common law or otherwise, and all claims for improper
> deductions, travel time, spread of hours pay, bonuses,
> expenses, reimbursements, gratuities, tip credits, tip
> allowances, service charges and retained gratuities during
> Plaintiff's employment with  Defendants and any other
> compensation or wages. This release is limited solely and only
> to wage and hour claims that have arisen on, or prior to, the
> date this Agreement is executed and transmitted to counsel
> for Defendants and it does not release or discharge  any
> claims that may occur after that date. This release shall not
> affect or limit: (a) any non-wage and hour claims, (b) any
> claims that may arise after the date Plaintiffs signs this
> Agreement, or (c) Plaintiff's right to enforce the terms of this
> Agreement.

(Id., ¶ 6). This paragraph includes language that is both, all-encompassing and limiting.

These unnecessary inconsistencies make the release arguably ambiguous. I fail to see

what is so difficult about achieving an appropriately tailored release in this case. For

example, the following should suffice:

> Plaintiff hereby releases and discharges Defendants and any
> other person or entity that was Plaintiff's "Employer" as that
> term is defined in 29 U.S.C. § 203(d) of and from any and all
> liability for Plaintiff's claims asserted against Defendants in
> this case.

It would also be acceptable if the parties determined that it is necessary to add an

acknowledgment by Plaintiff that the agreed sums represent payment in full of all

compensation owed to him in connection with his employment by Defendants during the

period August-September, 2016.

Use of the defined terms "Defendants" and "Released Parties" creates still more

problems. In the amended settlement agreement, Plaintiff "agrees not to apply for, solicit,

seek or otherwise attempt to obtain or accept employment with, or  to provide services in

any manner to, [Defendants Jimmie Lowman and Esperanza Lowman, Lowman's

Enterprises Group, Inc., and "each of its parent companies and any of its subsidiaries,

divisions, related companies, and its predecessors, successors, assigns, current or

former employees, agents, shareholders, officers, directors and representatives"]" (Doc.

28-1 at 4, ¶ 5).

This provision must be intended to broaden the scope of the settlement agreement

to benefit unidentified non-parties who are not signatories and who have not provided

consideration for whatever benefit is being bestowed on them. The parties have not

explained why Plaintiff should be required to make this agreement to obtain wages and

liquidated damages he is legally entitled to. It is not clear what value the parties have

assigned to this provision. The parties have also not explained whether Plaintiff knows

the actual identities of the unidentified persons and entities included here. The parties

also fail to explain the extent to which this provision restricts Plaintiff's ability to obtain

employment. Again, this appears to be nothing more than attempt by Defendants to

overreach in the agreement.

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court

**DENY** the parties' amended joint motion for approval (Doc. 28) and **REJECT** the parties'

amended settlement agreement (Doc. 28-1).

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

      **RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 1, 2018.

                THOMAS B. SMITH
                United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Counsel of Record