# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SHERMON DORN,

    Plaintiff,

v.                                                      Case No.: 6:17-CV-1262-ORL-40-TBS

LOWMAN'S ENTERPRISES GROUP,
INC., JIMMIE LOWMAN and
ESPERANZA LOWMAN,

    Defendants.
_____/

## SECOND AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW, the Plaintiff, **SHERMON DORN,** in the above-captioned litigation (hereinafter "Plaintiff") and Defendants, **LOWMAN'S ENTERPRISES GROUP, INC., JIMMIE LOWMAN, and ESPERANZA LOWMAN** (hereinafter "Defendants"),[1] by and through their attorneys of record, and move this Court to approve the settlement of this case against Defendants, and in support thereof, the Parties state as follows:

1. This is an action under the Fair Labor Standards Act where the Plaintiff alleges that Defendants failed to pay him compensation in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The Plaintiff also contends

---

[1] Plaintiff and Defendants are referred to as "Parties" when referred to collectively herein.

that the Defendants have failed to pay him wages and also sues under Chapter 448, Florida Statutes. Defendants deny these allegations.

2. The Plaintiff worked for the Defendants for approximately 2 ½ weeks. He was paid $75.00 per day and alleges that he worked approximately 66 hours for the first 2 weeks and was not paid overtime. The Plaintiff also alleges that the Defendants failed to pay him his last pay check. If the Plaintiff worked 66 hours a week, as alleged, then he <u>could</u> be owed unpaid wages and overtime of $1,991.96, inclusive of liquidated damages. However, if he is not owed overtime, then he would be owed unpaid wages representing his last paycheck of approximately $375.00. The Defendants allege that the Plaintiff did not work overtime, that the FLSA does not apply to them as they are not an "enterprise engaged in interstate commerce", and that they don't have annual revenue of at least $500,000. Therefore, no overtime could be owed to the Plaintiff.

3. The Parties have engaged in good faith, arm's-length negotiations in an effort to settle the Plaintiff's claims against Defendants. As a result of such negotiations, the Parties have agreed to settle the issues, matters, and things in dispute between and among them pursuant to the terms of the Settlement Agreement attached hereto as *Exhibit A*. The parties were represented by counsel during this litigation and believe that the settlement is reasonable and fair

considering the evidence and the Defendants defenses. A copy of the Settlement Agreement is attached hereto as ***Exhibit A***.

4. The Parties have reached a settlement in this matter, which, pending the Court's approval, resolves the wage and hour claims of Plaintiff.

5. The Parties have separately and independently negotiated Plaintiff's claim for attorney's fees and have reached an agreement regarding same.[2]

6. The Parties agree that the terms of the Settlement Agreement are fair, reasonable, adequate, and in the Parties' best interests.

7. Court approval is necessary to effectuate a valid and enforceable release of Plaintiff's FLSA claims.

8. The Parties, through their counsel, hereby seek judicial approval of their compromise and the resolution of the dispute between Plaintiff and

---

[2] The Parties report that the claim for attorney fees and cost was negotiated separately for the claim for unpaid wages owed to the Plaintiff. Plaintiff's counsel acknowledges that he has expended over fifteen (15) hours of his time in prosecuting this case. Plaintiff's counsel has also incurred cost of $554.20. The attorney fee and cost of $1,500.00 is significantly compromised. Plaintiff's counsel contends that the hourly rates are very reasonable in this case and is consistent with what counsel has been awarded in his legal community, is consistent with what he has been awarded in other cases, and is what should be awarded in this case. See Eanes v.Santeler & Sons Heating and Air Cond., Inc. et al , 3:16CV461-MCR-CJK (N.D. of Fla, June 6, 2017)(Order awarding Jeremiah Talbott attorney fees at the rate of $350.00); Gayle v. Front Porch Tallahassee, LLC, et al, 4:15 CV 329-MW/CAS (N.D. of Fla, Octob23 2015-DOC #10)(Order awarding Jeremiah Talbott attorney fees at the rate of $350.00-DOC #17); Thompson v. Healthy Home Environmental, LLC et al; 8:15-CV-2905-T-27Jss(M.D. of Fla, July 27, 2017-DOC # 20)(Order awarding Jeremiah Talbott attorney fees at the rate of $350.00).

Defendants. Accordingly, the Parties jointly submit the Settlement Agreement to the Court.

WHEREFORE, THESE PREMISES CONSIDERED, the Parties respectfully request that this Court approve their compromise and the resolution of the dispute between Plaintiff and Defendants, and that this Court grants such other, further and different relief as this Court deems fair and just.

Respectfully submitted this 17th day of May, 2018.

| | |
|---|---|
| /s/ Jeremiah J. Talbott | /s/ Jesus Irizarry |
| Jeremiah J. Talbott | Jesus Irizarry |
| Florida Bar No. 0154784 | Florida Bar No. 103542 |
| Jeremiah "JJ" Talbott, P.A. | Irizarry Mendez PL |
| 900 East Moreno Street | P.O. Box 771713 |
| Pensacola, FL 32503 | Orlando, FL 32877 |
| (850) 437-9600 | (312) 300-4529 |
| *jj@talbottlawfirm.com* | *jim@IrizarryMendez.com* |
| Attorney for Plaintiff | Attorneys for Defendants |