UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERMON DORN

    Plaintiff,                                 CASE NO.: 6:17-cv-01262-PGB-TBS

vs.

LOWMAN'S ENTERPRISES GROUP INC, ET Al.

    Defendants.
_____/

## REVISED SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIM FOLLOWING MAGISTRATE'S RECOMMENDATIONS (Doc. 30)

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between SHERMON DORN ("Plaintiff" or "Releasor"), and LOWMAN'S ENTERPRISES GROUP, INC., JIMMIE LOWMAN and ESPERANZA LOWMAN (hereinafter collectively referred to as the "Defendants" or "The Released Parties") (Releasor and The Released Parties shall collectively be referred to as the "Parties").

WHEREAS, Releasor has alleged that he was owed unpaid wages in violation of Florida and Federal law against The Released Parties, by filing a lawsuit in the U.S. District Court for the Middle District of Florida titled, *Dorn v. Lowman's Enterprises Group, Inc., et al.,* Case No.: 6:17-cv-1262-Orl-40TBS, thereby alleging claims for, among other things, minimum wage and unpaid overtime compensation due under the Fair Labor Standards Act and *Fla. Stat. § 448,*

WHEREAS, The Released Parties have contested the jurisdiction of this Court and the claims set forth in this suit and vehemently deny any and all liability; and,

WHEREAS, the Parties now desire to settle and resolve the Releasor's claims and wage and hour disputes asserted against Defendants in the Releasor's Complaint,

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

Pg. 1 of 7

1. <u>Settlement Payment</u>:

In exchange for the promises contained in this Agreement, the Defendants agree to pay to Plaintiff the total sum of **Two Thousand Two Hundred and Fifty and 00/100 Dollars** ($2,250.00), as set forth below:

    A.    A check in the sum of $375.00 made payable to Shermon Dorn representing alleged unpaid wages, overtime dues and benefits. This payment shall be subject to withholdings applicable to wages and reported to the IRS in Shermon Dorn's name on an IRS Form W-2.

    B.    A check in the sum of $375.00 made payable to Shermon Dorn for alleged liquidated damages. This payment shall be reported to the IRS on an IRS Form 1099 in the name of Shermon Dorn.

    C.    A check in the sum of $1,500.00 to Releasor's counsel, Law Office of Jeremiah J. Talbott, P.A., on Releasor's behalf for Releasor's attorney's fees and costs incurred as part of the settled dispute from which this agreement emanates. This payment will be reported to the IRS on an IRS Form 1099 in the name of the Law Office of Jeremiah J. Talbott, P.A.

The settlement payments described above shall be paid to Releasor in exchange for Releasor's release of his wage and hour claims. The payments set forth above will be due in Releasor's counsel's office (c/o Jeremiah J. Talbott, Esq., 900 E. Moreno Street, Pensacola, FL 32503) within ten (10) days after receipt of an executed copy of this Agreement signed by Releasor, and (ii) a W-9 fully executed by Releasor, and (iii) a W-9 fully executed by Releasor's counsel.

2. <u>Dismissal of the Complaint</u>:

The Parties, by their respective counsel, will file a Joint Stipulation for Dismissal of the lawsuit with Prejudice upon receipt of the fully executed agreement, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement.

3. <u>Acknowledgment by Plaintiff:</u>

Plaintiff represents and acknowledges that the agreed sums represent payment in full of all compensation owed to him in connection with his employment by Defendants during the period of August through September of 2016.

4. <u>Non-Admissions</u>:

(a) Releasor agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Releasor understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Releasor's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Releasors or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Releasor in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Releasors have suffered any damage. Additionally, Releasor agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms,

5. <u>Future Application/Employment:</u>

Plaintiff agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, Defendants. Plaintiff further agrees that Defendants shall not be under any obligation to employ or contract with him and that, should any application be made by him, Defendants shall not have any obligation to process that application or to

hire him and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts Defendants regarding Plaintiff, Defendants will give a neutral reference indicating only Plaintiff's dates of employment, pay rate and position.

6. <u>Wage and Hour Release by Releasor:</u>

Plaintiff hereby releases and discharges Defendants and any other person or entity that was Plaintiff's "Employer" as that term is defined in 29 U.S.C. § 203(d) of and from any and all liability for Plaintiff's claims asserted against Defendants in this case.

7. <u>Attorney's Fees and Costs:</u>

Except as provided for in paragraph 1 herein, the parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

8. <u>Representations and Acknowledgments:</u>

(a) Releasor represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorney and the attorneys for the Defendants. Releasor further represents that (a) he has reviewed each and every provision of this Agreement; (b) the Agreement has been explained to him by his attorney; (c) that this Agreement appears to him to have been written in a manner calculated to be understood by Releasor; and, (d) Releasor does in fact fully understand this Agreement, including the release of claims.

(b) Releasor also represents that he voluntarily and knowingly entered into this Agreement of his own free will. Releasor further represents that neither The Released Parties nor any

of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that Releasor's decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorney throughout these proceedings.

(c) Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

9. Complete Agreement:

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

10. Additional Terms:

(a) This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. Venue shall be proper in Orange County, Florida.

(b) The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

(c) If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

(d) This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

(e) The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

(f) This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

(g) This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

(h) The Parties represent and warrant that they are authorized to enter into, and that they have the authority to perform the terms of this Agreement. Releasor represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

[Signatures on Following Page]

Apr 16 18 03:48p sunoco 4078807077 p.1

APR-16-2018 13:42 From:8504370906 Page:8/8

Date: 4/16/18

SHERMON DORN

Date: 4/16/18

JIMMIE LOWMAN

Date: 4/16/18

ESPERANZA LOWMAN

**LOWMAN'S ENTERPRISES GROUP, INC.:**

Date: 4/16/18

Sign:
Print Name: Esperanza Freeze-Lowman
Representative of Lowman Enterprises Group, Inc.