UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHERMON DORN,

      Plaintiff,

v.                                                                Case No:   6:17-cv-1262-Orl-40TBS

LOWMAN'S ENTERPRISES GROUP,
INC., JIMMIE LOWMAN and
ESPERANZA LOWMAN,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201 *et seq.* case is the parties' Second Amended Joint Motion for Approval of Settlement

Agreement (Doc. 32).

## I. Background

      For a period of approximately 2 ½ weeks, Defendant Lowman's Enterprises Group,

Inc., employed Plaintiff Shermon Dorn as a lawn crew member (Doc. 32, ¶ 2). Plaintiff

alleges that Defendants Jimmie Lowman and Esperanza Lowman were also his

employers (Doc. 1, ¶¶ 13-14). Plaintiff's duties included mowing, edging, trimming

shrubbery and pulling weeds for which he was paid $75 per day (Id., ¶¶ 4-5). Plaintiff

alleges that he worked 66 to 72 hours per week and is owed unpaid wages and overtime

(Id., ¶ 7). His complaint includes counts for violation of the FLSA and FLA. STAT. § 448.01

(Doc. 1). Defendants deny liability and affirmatively allege that they are exempt from or

otherwise not subject to the FLSA (Doc. 14 at 8). The parties have negotiated a

compromise and settlement of this dispute. This is their third attempt to obtain Court

approval of their agreement (Docs. 26, 28, 32).

The last time this case was before the Court, my concerns were the breadth of the release Plaintiff was giving Defendants, and the breadth of Plaintiff's agreement not to apply for or solicit work from the anyone he was releasing in the agreement (Doc. 30). The Court agreed with my concerns and disapproved the last iteration of the parties' settlement agreement (Doc. 31). Now, after due consideration, I find only one problem with the parties current agreement. I further find that problem can be cured by nullifying the offending language in the agreement.

## II. Standard of Review

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the

[FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

In the Eleventh Circuit "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In these cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Discussion

I see no badges of fraud in the making of the current version of the parties' settlement agreement. Defendants have agreed to pay Plaintiff $375 in wages and an additional $375 as liquidated damages (Doc. 32-1, ¶ 1). Under the circumstances presented, this appears to be fair and reasonable. Defendants have also agreed to pay $1,500 to Plaintiff's attorney (Id.). The parties agree that this payment was negotiated separately from the payments to be made to Plaintiff, and that $1,500 represents a significant compromise of counsel's fees and costs (Doc. 32, n. 2). The amount of fees to be paid is, in my view, fair and reasonable. The Court may approve this payment without taking evidence, based upon the reasoning in Bonetti v. Embarq Mgmt Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The parties have cured the problems with the breadth of their agreement. As now drafted, Plaintiff is only releasing "Defendants and any other person or entity that was Plaintiff's "Employer" as that term is defined in 29 U.S.C. § 203(d) of and from any and all liability for Plaintiff's claims asserted against Defendants in this case." (Doc. 32-1, ¶ 6). This is a sufficiently narrowly tailored release to pass muster. Plaintiff is also agreeing not

- 4 -

to seek future employment from any of the named Defendants (Id., ¶ 5). This provision is also narrow enough to be approved.

The only problem I have with the parties' settlement agreement is in paragraph 2 which states: "the Court shall retain jurisdiction over this matter solely for the purpose of enforcement of this Agreement." (Id., ¶ 2). It is not appropriate for the Court to retain jurisdiction over this case. See cf. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 378-381 (1994); Colon v. Kissimmee B-Logistic Serv., No. 6:15-cv-733-Orl-40KRS, 2016 U.S. Dist. LEXIS 72622, at *8-9 (M.D. Fla. May 16, 2016) ("[C]ourts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement") (citing Santiago-Valle v. Transition House, Inc., No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at *12 (M.D. Fla. Dec. 10, 2015)).

The parties would need to independently establish the Court's original jurisdiction over any subsequent action to enforce the settlement agreement. A breach of the settlement agreement will not automatically invoke the Court's subject matter jurisdiction and will in all likelihood, be a matter for the county or state circuit court. Paragraph 10(c) provides that if any provision of the settlement agreement is "determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law." (Id., ¶ 10(c)).

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court declare the following language in the agreement to be invalid: "the Court shall retain jurisdiction over this matter solely for the purpose of enforcement of this Agreement." After this action is taken, I recommend the Court **GRANT** the motion; **APPROVE** the

parties' settlement agreement; terminate any pending motions; **DISMISS** the case; and direct the Clerk to **CLOSE** the file.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 21, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record